File# 801840

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF THE STATE OF NEW YORK

-----------------------------------------------------------------X

DIONNE LEE

           Plaintiff

RICHARD K. BAWUAH and                          Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

           Defendants

-----------------------------------------------------------------X

    Defendants, Cowan Equipment Leasing, LLC and Richard K. Bawuah, by and through their attorneys, Rawle & Henderson LLP, answer plaintiff's Complaint, upon information and belief, and aver as follows:

## JURISDICTION

    1.    Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further answer, answering defendant denies the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

    2.    Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further answer, answering defendant denies the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

    3.    Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

2222683-1

## **PARTIES**

4.   Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

5.   Admitted.

6.   Denied. Answering defendants deny any and all allegations contained in this paragraph of the Complaint and demand strict proof at trial.

### **AS AND FOR THE FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF NEGLIGENCE**

7.   Defendants repeats and re-alleges each and every allegations contained in paragraphs 1 through 6 with the same force and effect as if more fully and at length set forth herein.

8.   Admitted.

9.   Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

10.   Admitted.

11.   Denied. By way of further answer, answering defendants deny any and all allegations of negligence and demand strict proof at trial.

12.   Denied. By way of further answer, answering defendants deny any and all allegations of negligence and demand strict proof at trial.

13.   Denied. By way of further answer, answering defendants deny any and all allegations of negligence and demand strict proof at trial.

2222683-1

14. Denied. By way of further answer, answering defendants deny any and all allegations of negligence and demand strict proof at trial.

15. Denied. By way of further answer, answering defendants deny any and all allegations of negligence and demand strict proof at trial.

16. Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further answer, answering defendants deny the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

WHEREFORE, answering defendants, Cowan Equipment and Richard K. Bawuah, demand judgment in their favor and against the plaintiff, dismissing plaintiff's Complaint with prejudice as to answering defendant, together with an award of costs and disbursements incurred by said defendant, including attorneys' fees together with such other relief in favor of defendants as this Honorable Court shall deem appropriate under the circumstances.

## SEPARATE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by answering defendants, was the result of an unavoidable accident or sudden emergency.

2222683-1

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19.     Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care, rehabilitation services, physical therapy treatment, other health care, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545 of the New York Civil Practice Law and Rules and, therefore, plaintiff is not the real party in interest with respect said expenses.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20.     Any damages that are deemed to be recoverable against answering defendant, said damages and recovery being specifically denied by said defendants, must be diminished by the amount of the funds which plaintiff has or shall receive from the aforesaid collateral source(s).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

21.     Answering defendants assert all defenses available to them pursuant to Articles 51 and 52 of the Insurance Law of the State of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

22.     Plaintiff has not sustained a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22.     To the extent that any payments have been made or may be made pursuant to Article 51 of the Insurance Law of the State of New York (Comprehensive Motor

Vehicle Insurance Reparations Act) before the trial of this action, such payments will be considered in offset and in mitigation of damages.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

24. Plaintiff has failed to mitigate any alleged damages, said damages being specifically denied by answering defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

25. Plaintiff's injuries and/or damages pre-existed or are unrelated to the accident described in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

26. No conduct on the part of answering defendant caused or contributed to plaintiff's alleged injuries or damages.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred or should be reduced by the percentage of plaintiff's own contributory negligence and/or assumption of the risk.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

28. Plaintiff's alleged accident and injuries were proximately caused, in whole or in part, by the fault of third parties for whom answering defendant is not legally responsible.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff did not use, or improperly used, any available seat belt and/or shoulder harness, and plaintiff's injuries, which are denied, were caused, contributed to and/or exacerbated by the lack of use, or improper use, of the seat belt and/or shoulder harness, and plaintiff's alleged injuries could have been obviated or mitigated by the use

2222683-1

of any available seat belt and/or shoulder harness, and that plaintiff's failure to use, or improper use, of any seat belt and/or shoulder harness was in contravention of the New York Vehicle and Traffic Law and constitutes failure to mitigate damages in accordance with *Spier v. Barker*, 35 N.Y.2d 444 (1974).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff's failure to use, or the improper use, of any available seat belt and/or shoulder harness was an unreasonable action and in disregard of her own best interests, and accordingly, caused or contributed to the happening of the accident, in accordance with *Curry v. Moser*, 89 A.D.2d 1, 454 N.Y.S.2d 311 (2d Dept. 1982).

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

31. Service of process was improper and/or insufficient.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

32. This Honorable Court lacks jurisdiction over the answering defendants.

WHEREFORE, answering defendants, Cowan Equipment and Richard K. Bawuah, demand that plaintiff's Complaint be dismissed with prejudice as to them and that judgment be entered in favor of answering defendants and against plaintiffs, together with costs, counsel fees, and such other and further relief as this Court deems appropriate

2222683-1

under the circumstances.

                        RAWLE & HENDERSON LLP

By: _____
Jeffrey A. Segal JS/4861
Attorneys for Defendants,
Cowan Equipment and
Richard K. Bawuah
Suite 4636
140 Broadway, 46th Floor
New York, New York 10005
(212) 858-7570

Dated: December 14, 2007

2222683-1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Defendants, Cowan Equipment and Richard K. Bawuah's, Answer was served via first-class mail, postage pre-paid, on counsel for the parties:

Winston B. Rouse, Esquire
901 Sheridan Avenue
Bronx, NY 10451

RAWLE & HENDERSON LLP

_____
Jeffrey A. Segal, Esquire

Dated: December 14, 2007

2222683-1