File No. 801840

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
DIONNE LEE

                Plaintiff

RICHARD K. BAWUAH and                          Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

                Defendants
-----------------------------------------------------------------X

<u>**LEGAL BRIEF IN SUPPORT OF DEFENDANTS RICHARD K. BAWUAH AND
COWAN EQUIPMENT LEASING'S MOTION IN LIMINE TO PRECLUDE
PLAINTIFF'S WAGE LOSS CLAIM**</u>

On the Brief:
Jeffrey A. Segal
Marcus P. Ferreira

2464620-1

## TABLE OF CONTENTS

I. FACTS ................................................................................................................................. 1

II. LEGAL ARGUMENT ........................................................................................................ 2

III. CONCLUSION ................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

Design Strategy v. Davis, 469 F.3rd 284, 295-296 (2d Cir. 2006)........................3

**Rules**

Fed. R. Civ. P. 26(a)(1)(A)(ii)..............................................................2

Fed. R. Civ. P. 37( c)(1).................................................................2,3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
DIONNE LEE

                Plaintiff

RICHARD K. BAWUAH and                           Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

                Defendants
-----------------------------------------------------------------X

      Defendants, Richard K. Bawuah and Cowan Equipment Leasing, by and through their counsel, Rawle & Henderson LLP, hereby submit this memorandum of law in support of their motion to preclude plaintiff' from introducing any evidence to support a lost wage claim, as follows:

**I.    FACTS:**

      Plaintiff filed suit in this matter on or about November 9, 2007 in the United States District Court for The Southern District of New York. Defendants filed an Answer with Affirmative Defenses with the United States District Court for The Southern District of New York, on or about December 14, 2007.

      This action arises out of a motor vehicle accident that occurred on the eastbound, Upper Level of the George Washington Bridge at 12:40 a.m. on Monday, May 9, 2007.

      As a result of the accident, plaintiff is asserting a past and future wage loss claim. Specifically, in her deposition, she alleges that she has not been able to return to her pre-accident employment since the accident and continuing into the future. (see, plaintiff's deposition transcript at page 25, attached hereto as Exhibit "A").

Although plaintiff did not include a allegations within her Civil Action Petition specifically alleging lost earnings, she provided an Affidavit in Support thereof alleging "since the date of said injury, I have been unable to work and unable to perform many of my normal daily activities". (see, plaintiff's Civil Action Petition and Affidavit in Support, attached hereto as Exhibit "B").

Plaintiff has not provided any support for her wage loss claim, in the form of a medical expert report, vocational expert report or economist report prior to the June 15, 2008 deadline for the service of all expert reports.

Further, at the June 10, 2008 status conference before Your Honor, plaintiff's counsel represented to the Court that he did not require any extensions of the expert deadlines.

Therefore, defendants request that plaintiff be barred from introducing any evidence regarding her alleged wage loss claim at trial.

## II.   LEGAL ARGUMENT:

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires the parties to disclose a copy of all documents that the disclosing party has in its possession, custody or control and may use to support its claims or defenses.

Federal Rule of Civil Procedure 37(c)(1) states that if a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Since plaintiff has failed to produce any support for the alleged wage loss claim, plaintiff should be precluded from introducing any support for this claim at trial. *See* F.R.C.P. 37(c)(1); *see also Design Strategy v. Davis*, 469 F.3d 284, 295-296 (2d Cir. 2006).

In *Design Strategy, supra*, the plaintiff failed to disclose the calculation of their damages of lost profits and the damages in support of that calculation. *See Design Strategy, supra* at 2695-296. The Court upheld the sanction under F.R.C.P. 37(c)(1) to preclude the plaintiff from introducing such evidence.

Likewise, in this case, plaintiff cannot demonstrate any proof that she has sustained, or will sustain, a loss of future wages, as no records to support same have ever been produced by the plaintiff.

Trial is scheduled to begin on August 6, 2008. Defendants will be severely prejudiced if plaintiffs are permitted to introduce evidence of plaintiff's alleged lost wage claim at this time.

### III.   CONCLUSION

For all the above reasons, defendants, Richard K. Bawuah and Cowen Equipment Leasing, request this Honorable Court to preclude plaintiff from using, referring to, or introducing any wage loss claims, as well as any testimony regarding same, at trial.

RAWLE & HENDERSON LLP

By: _____
Jeffery A. Segal
Attorneys for Defendants Richard K. Bawuah and Cowan Equipment Leasing
140 Broadway, Ste. 4636
New York, NY 10005
(212) 858-7570

Dated:  July 3, 2008

**EXHIBIT A**

28
DIONNE LEE

1
2  Q    How many associates would be on a given
3  shift?
4  A    I'm not sure.  I'm not sure.
5  Q    Have you returned to work at H&M since the
6  accident on May 9, 2007?
7  A    No.
8  Q    Never?
9  A    No.
10 Q    Never back to work?
11 A    No, I didn't go back to work.
12 Q    Were you -- let's just say May 10, the day
13 after the accident, were you out of work on the day
14 after the accident at the instruction of a doctor?
15 A    No.
16 Q    To date, do you remain out of work at the
17 specific instruction of a doctor?
18 A    Yes.
19 Q    What doctor?
20 A    Dr. Zeren.
21 Q    Doctor who?
22 A    Dr. Zeren is my primary --
23 Q    Dr. Zeren is a chiropractor?
24 A    Yeah.  Well, that's the office I go to.
25 That's the name of his practice.

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIONNE LEE

                PLAINTIFF

                                            CIVIL ACTION#

   AGAINST

RICHARD K. BAWUAH
COWAN EQUIPTMENT

---

---

CIVIL ACTION PETITION

---

*Winston B. Rouse* (signature)

WINSTON B. ROUSE ESQ
Attorney for Plaintiff
901 Sheridan Avenue
Bronx N.Y. 10451
718-588-7773

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DIONNE LEE                                FILE NO.
          PLAINTIFF

AGAINST

RICHARD K. BAWUAH                         CIVIL ACTION #
COWAN EQUIPTMENT                          AFFIDAVIT IN SUPPORT

          DEFENDANT
-----------------------------------------------------------x

DIONNE LEE being duly sworn and deposes hereby state as follows:

1. I an the plaintiff in this action

2. I reside at 123 East 129th Street New York N.Y.

3. I am the owner of 2001 Mercury plate #CVG8308

4. On May 9, 2007 at 12:40 a.m. I was traveling eastbound on the George Washington Bridge.

5. While traveling in my lane of traffic when a Richard K. Bawuah while driving a 2007 Volvo truck license plate # 41905A vin #4V4NL96627N447211 moved into my lane striking my vehicle causing severe injury to my neck and back.

6. Said truck was insured by Cowan Systems policy #TRK91340700. Said insurance expired on July 1, 2007.

7. Since the date of said injury I have been unable to work and unable perform many of my normal daily activities.

_____
DIONNE LEE

_____
WINSTON B. ROUSE
Notary Public State of New York
No. 01RO5079100
Qualified in Bronx County
Commission Expires June 2, 2011

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action, File Number_____

DIONNE LEE
        PLAINTIFF



AGAINST

RICHARD K. BAWUAH
COWAN EQUIPTMENT LEASING
        DEFENDANT

To the above-named Defendants:

    You are hereby summoned and required to served upon Winston B. Rouse Esq., plaintiff's attorney, whose address is 901 Sheridan Avenue Bronx N.Y. 10451, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint

                              J. MICHAEL McMAHON
                                  Clerk of Court

[Seal of the District Court]
Dated:_____NOV 0 9 2...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

Judge Berman

07 CIV 9917

DIONNE LEE
        PLAINTIFF

FILE NO.

AGAINST

RICHARD K. BAWUAH
COWAN EQUIPTMENT

CIVIL ACTION #

        DEFENDANT

JURY TRIAL DEMANDED

---------------------------------------------------------x

Plaintiff by his attorney WINSTON B. ROUSE Esq. duty admitted in the Southern District of New York to practice law, respectfully alleges:

## JURISDICTION

1. Jurisdiction is found upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States (28 U.S.C. Section 1332) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Section 1332 (a)(3) because the

Statutory limits, exclusive of interest, in the sum of value exceeding SEVENTY-FIVE (75,000.00) DOLLARS

## PARTIES

4. The plaintiff is a citizen of the United States and is resident of the City and State of New York and the County of New York.

5. That at all times as stated herein, upon information and belief, a Defendant in this action was Richard K. Bawuah who was and still is a resident of the State of Connecticut City of East Hartford.

6. That at all times as stated herein, upon information and belief, a Defendant in this action was Cowan Equipment Leasing a Connecticut Corporation

## AS AND FOR THE FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF NEGLIGENCE

7. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraph marked 1 through 6 with the same force and effect as if more fully and at length set forth herein

8. That at all times as stated herein, upon information and belief that the George Washington Bridge was and still is a public roadway.

9. That at all times as stated herein, plaintiff Dionne Lee was the lawful owner and driver of a 2001 Mercury bearing New York License Plate CVG8308

10. That at all times as stated herein, upon information and belief defendant **Richard K. Bawuah** was the operator of the 2007 Volvo Vehicle L64T Plat #41905A

11. That on May 9, 2007, the defendant, as stated herein, was

negligent in the operation of said motor vehicle at the location stated herein. (See attached accident report)

12. That on May 9, 2006, the defendant, as stated herein, was negligent in the maintenance of said motor vehicle at the location stated herein.

13. That on or about May 9, 2007 the defendant, as stated herein, was negligent in the control of said motor vehicle at the location stated herein.

14. That the aforementioned occurrence was caused solely as a result of the negligence of the defendant Richard K. Bawuah, who operated said vehicle. The negligence of the defendant consisted in carelessly, negligently and recklessly operating his motor vehicle at an excessive rate of speed under the conditions prevailing at and prior to the time of occurrence; in failing to keep his motor vehicle under proper, reasonable and prudent control; in failure to comply with the statute and ordinances pertaining to vehicular traffic on the highway of New York; and in failure to avoid the occurrence although he had full opportunity to do so.

15. That solely as a result of the negligence of the defendant as stated herein, plaintiff, Dionne Lee, sustained a seriously injured neck and other serious injuries and pain and suffering and loss of enjoyment of life; was rendered sick, sore, lame, and disabled; sustaining sever mental anguish, pain and suffering, nervous shock and great physical pain; was compelled to obtain medical treatment and will be compelled to undergo surgery, medical treatment for an undetermined period of time, and has been damaged accordingly in the amount of TWO MILLION ($2,000,000.00) DOLLARS or such higher amount as may be determined by a court and/or jury.

16. Plaintiff have sustained serious injuries as defined in the Insurance Law of

the State of New York and/ or Economic Loss greater than Basic Economic loss as dined in the Insurance Law of the State of New York

**WHEREFORE**, Plaintiff, DIONNE LEE, demands judgment against the defendant under the first cause of action in the amount of TWO MILLION (2,000,000.00) DOLLARS, and or such higher amount as may be determined by a Court and/or jury, together with the cost and disbursements of this action.

Dated: Bronx, New York

OCTOBER 5, 2007

WINSTON B. ROUSE ESQ.
Attorney for the Plaintiff
901 Sheridan Avenue
Bronx N.Y. 10451
718-588-7773

A True Copy
Attest:
Process Server
Christine L. Foran