File No. 801840

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
DIONNE LEE

                Plaintiff

RICHARD K. BAWUAH and                      Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

                Defendants
------------------------------------------------------------------X

## LEGAL BRIEF IN SUPPORT OF DEFENDANTS RICHARD K. BAWUAH AND COWAN EQUIPMENT LEASING'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT

On the Brief:
Jeffrey A. Segal
Marcus P. Ferreira

# **TABLE OF CONTENTS**

I.  FACTS ..................................................................................................................................... 1

II. LEGAL ARGUMENT ............................................................................................................ 2

III. CONCLUSION ....................................................................................................................... 3

# TABLE OF AUTHORITIES

**Rules**

Fed. R. Civ. P. 26(a)(2)(B)……………………………………………………………..2

Fed. R. Civ. P. 37( c)(1)……………………………………………………………..2

F.R.E. 403……………………………………………………………………………...2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
DIONNE LEE

            Plaintiff

RICHARD K. BAWUAH and                       Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

            Defendants
-----------------------------------------------------------------X

I.     **FACTS:**

    This action arises out of a motor vehicle accident that occurred on the eastbound, Upper Level of the George Washington Bridge at approximately 12:40 a.m. on Monday, May 9, 2007. Liability for the accident is disputed among the parties.

    By letter dated June 5, 2008 plaintiff's counsel identified Daniel S. Burdett as an expert in the above-referenced matter. (see, Exhibit "A").

    By way of correspondence dated June 12, 2008, we requested a copy of Mr. Burdett's expert report prior to the June 15, 2008 expert deadline. No report was sent by plaintiff. (see, Exhibit "B"). Further, at the June 10, 2008 status conference before Your Honor, plaintiff's counsel represented to the Court that he did require any extensions of the discovery deadlines. Therefore, the deadline for the exchange of expert reports has elapsed without plaintiff furnishing an expert liability report prepared by Mr. Burdett or any other liability expert.

    Lastly, at the last telephone conference with Your Honor on June 25, 2008, Your Honor indicated that counsel could attempt to serve a liability expert report within one week or by July 2, 2008; while reserving the right to address the within motion. As of the filing of this motion, defendants have not received an expert report.

2461792-1                                              1

## II.  **LEGAL ARGUMENT**

Federal Judicial Procedure Rule 26(a)(2)(B), governing the issuance of written expert reports, states in pertinent part:

> Unless otherwise stipulated or ordered by the court, ***this disclosure must be accompanied by a written report***—prepared and signed by the witness—if the witness is one retained or specifically employed to provide expert testimony . . . The report ***must*** contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) the data or other information considered by the witness in forming them; . . ." (emphasis added).

As outlined above, the time for the parties to exchange expert reports is, June 15, 2008, came and went without plaintiff requesting an extension or serving an expert report.

Moreover, Federal Rule of Civil Procedure 37(c)(1) states that if a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. Here the failure was not justified, as plaintiff's counsel had an opportunity at the June 10, 2008 status conference to request an extension of time to furnish Mr. Burdett's report, if necessary.

Lastly, F.R.E. 403 states that relevant evidence may be precluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." F.R.E. 403. In this case, plaintiff's failure to furnish a timely expert report is not "harmless." Instead, to allow plaintiff to serve a late expert report at this time would be extremely prejudicial as defendants would be unduly susceptible to surprise without having had the benefit of reviewing and submitting the report to defendants' liability expert for

review and issuance of a rebuttal report.  Plaintiff would further have the unfair advantage of having had time to prepare for cross examination of defendant's expert without affording the defense the same opportunity.  Lastly, defendants were not provided with the opportunity to depose plaintiff's expert; an opportunity afforded to plaintiff, but not undertaken.

### III.  CONCLUSION

WHEREFORE, the Defendants, Richard K. Bawuah and Cowan Equipment Leasing, respectfully request that the Court issue an order granting the Defendants' Motion in Limine precluding the testimony of Daniel S. Burdett or any other liability expert at the time of trial.

RAWLE & HENDERSON LLP

By:_____
Jeffrey A. Segal
Attorneys for Defendants,
Richard K. Bawuah and Cowen
Equipment Leasing
140 Broadway, Suite 4636
New York, New York 10005
(212) 858-7570
File No.: 801840

Dated: July 3, 2008

**EXHIBIT A**

# RAWLE & HENDERSON LLP



JEFFREY A. SEGAL
212-858-7570
JSEGAL@RAWLE.COM

The Nation's Oldest Law Office • Established in 1783

www.rawle.com

SUITE 4636
140 BROADWAY, 46TH FLOOR
NEW YORK, NY 10005

TELEPHONE:(212) 858-7570
FACSIMILE:(212) 858-7750

June 9, 2008

*<u>Via Facsimile & Regular Mail</u>*
Winston B. Rouse, Esquire
901 Sheridan Avenue
Bronx, NY 10451

   Re: Dionne Lee v. Bawuah & Cowan Systems, LLC
      Civil Action No. 07-cv-9917
      Our File No.: 801840

Dear Mr. Rouse:

  We herein confirm receipt of your letter dated June 5, 2008 in which you identified Daniel S. Burdett as an expert in the above-referenced matter. Defendants herein request a copy of his report in accordance with the deadlines set by the Court. Further, Defendants hereby request a copy of his expert disclosures in accordance with the Rules of the Court.

  Thank you for your anticipated attention and cooperation to this matter.

Very truly yours,

RAWLE & HENDERSON LLP

By: _____
   Jeffrey A. Segal

JAS/rd

2437515-1

PHILADELPHIA, PA  PITTSBURGH, PA  HARRISBURG, PA  MEDIA, PA  MARLTON, NJ  NEW YORK, NY  WILMINGTON, DE  WHEELING, WV