UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
DIONNE LEE

          Plaintiff

RICHARD K. BAWUAH and　　　　　　　　　　　Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

**CERTIFICATION
OF COUNSEL**

          Defendants
-----------------------------------------------------------------X

      Jeffrey A. Segal, Esquire, an attorney duly admitted to practice law before the applicable Courts of the State of New York, hereby affirms the truth of the following, under the penalties of perjury:

      1.    I am a partner of Rawle & Henderson LLP, attorneys for the defendants, Richard K. Bawuah and Cowan Equipment Leasing, and as such I am fully familiar with the facts and circumstances herein.

      2.    This action arises out of a motor vehicle accident that occurred on the eastbound, Upper Level of the George Washington Bridge at approximately 12:40 a.m. on Monday, May 9, 2007.

      3.    The nature and extent of plaintiff's alleged injuries is disputed amongst the parties.

      4.    By letter dated May 6, 2008 plaintiff's counsel identified Ramesh P. Babu, M.D as an expert in this matter. (See Exhibit "A").

      5.    By facsimile correspondence dated May 28, 2008, plaintiff's counsel furnished Ramesh P. Babu, M.D.'s curriculum vitae, but did not furnish any other expert disclosures mandated by Fed. Rule 26a(2)(B)i-vi. (See Exhibit "B").

1

5. To date, Dr. Babu has not issued a comprehensive narrative expert report. Instead, he has simply issued periodic status reports to GEICO, plaintiff's no-fault insurer. (See Exhibits "C", "D" and "E")

6. A review of his October 1, 2007 report reveals that Dr. Babu concluded with respect to causation: "To the best of my ability, I feel there is a causal relation between the accident and the current condition." (See Exhibit "C")

7. On December 10, 2007, Dr. Babu re-evaluated Lee and noted that Lee's Past medical history was "non contributory." His physical examination yielded nearly identical findings to his pre-surgical examination. Dr. Babu eventually recommended that Lee gradually increase her activities of daily living and perform physical therapy. Dr. Babu provided no further clarification as to causation, nor did Dr. Babu provide a definitive prognosis or opinion as to whether or not Lee's condition(s) are permanent (See Exhibit "D").

8. On February 15, 2008 Dr. Babu issued a nearly identical follow-up report. Again, Dr. Babu provided no further clarification as to causation, nor did Dr. Babu provide a definitive prognosis or proffer an opinion as to whether or not Lee's condition(s) are permanent (See Exhibit "E").

9. Furthermore, at the June 10, 2008 status conference before Your Honor, plaintiff's counsel represented to the Court that he did require any extensions of the discovery deadlines. Therefore, the deadline for the exchange of expert reports has elapsed without plaintiff furnishing updated reports by Dr. Babu providing a more definitive statement regarding causation or providing a definitive prognosis as to whether or not Lee's condition(s) are permanent.

10. Therefore, defendants herein request an Order Excluding or limiting the testimony of plaintiff's medical expert, Ramesh K. Babu, M.D. or in the alternative limiting his testimony so that it does not address whether or not plaintiff's condition is permanent.

RAWLE & HENDERSON LLP

By: _____
Jeffery A. Segal
Attorneys for Defendants Richard K.
Bayuah and Cowan Equipment
Leasing
140 Broadway, Ste. 4636
New York, NY 10005
(212) 858-7570

Dated: July 8, 2008

2454162-1