File No. 801840

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
DIONNE LEE

               Plaintiff

RICHARD K. BAWUAH and                Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

               Defendants
-----------------------------------------------------------------X

## LEGAL BRIEF IN SUPPORT OF DEFENDANTS RICHARD K. BAWUAH AND COWAN EQUIPMENT LEASING'S MOTION IN LIMINE TO APPLY NEW JERSEY SUBSTANTIVE LAW AND TO INSTRUCT JURY ON NEW JERSEY'S MODIFIED COMPARATIVE FAULT STANDARD

On the Brief:
Jeffrey A. Segal
Marcus P. Ferreira

2470701-1

# **TABLE OF CONTENTS**

I. FACTS ............................................................................................................... 2

II. LEGAL ARGUMENT ..................................................................................... 3

III. CONCLUSION ................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

Schultz vs. Boy Scouts of America, 65 N. Y. 2d 189 (1985)..............................3, 4, 6

Padula vs. Lilarn Props Corp, 84 N. Y. 2d 519 (1994) ........................................3, 4

Cooney vs. Osgood Machines, 81 N. Y. 2d 66, 72 (1993) ................................4, 5, 7

Neumeier vs. Kuchner, 31 N. Y. 2d 121, 128..................................................4, 5

Tooker v.s. Lopez, 24 N.Y. 2d 569, 585......................................................5

Gilbert v. Seton Hall University, 332 F.3d 105, 111 (2d Cir. 2003) ......................5, 6

**Statutes**

N.J.S.A. 2A:15-5.1...........................................................................2, 3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
DIONNE LEE

                Plaintiff

RICHARD K. BAWUAH and                         Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

                Defendants
------------------------------------------------------------X

## I. **FACTS:**

This action arises out of a motor vehicle accident that occurred on the eastbound, New Jersey side of the upper level of the George Washington Bridge at approximately 12:40 a.m. on Monday, May 9, 2007. Liability for the accident is disputed among the parties, with the defendants alleging that the plaintiff is more than 50% at fault for the causation of the accident.
and circumstances herein.

This action arises out of a motor vehicle accident that occurred on the New Jersey side of the eastbound, upper level of the George Washington Bridge, at approximately 12:40 a.m. on Monday, May 9, 2007.

Lee is a resident of New York and was driving a passenger vehicle that was reportedly registered in New York. Defendant Bawuah is a resident of Connecticut and was driving a tractor registered in Connecticut. Defendant Cowan Equipment Leasing, LLC is a Maryland limited liability corporation with its principle place of business in Baltimore Maryland. Cowan also maintains a business location in New Jersey.

2

During the time of the accident, Bawuah's typical route was from Connecticut to Monroe Township, NJ where he would pick up a load and deliver it to locations in Connecticut or Massachusetts.

On the date of the accident, Bawuah was operating the tractor trailer in the course and scope of his employment, and was in fact performing a typical run from Monroe, NJ to a site in Massachusetts.

At the time of the accident, Lee was in the process of commuting home from her job as a Sales Associate for H&M in the Palisades Mall in New Jersey. She had held the full-time job at H&M for eight months prior to the accident. Therefore, she regularly commuted to and from New Jersey.

## II.  LEGAL ARGUMENT

New York choice of law conflicts are analyzed by an "interest analysis", whereby controlling effect must be given to the law of the jurisdiction which because of its relationship or contact with the occurrences or the parties has the greatest concern with the specific issue raised in the litigation. Shultz vs. Boy Scouts of America, 65 N.Y.2d 189 (1985). In determining which jurisdiction has the greatest interest in the litigation, the only facts or contacts of significance are those relating to the purpose of the particular law in conflict. Shultz vs. Boy Scouts of America, supra at 197. In most cases, those significant facts or contacts consist exclusively of the parties' domiciles and the place of the tort. Shultz vs. Boy Scouts of America, supra at 197.

After the parties' domiciles and the location of accident have been ascertained, a determination must be made whether the purpose of the law is to regulate conduct or allocate loss. See Padula vs. Lilarn Props Corp., 84 N.Y.2d 519 (1994). Where the

conflicting laws involve the appropriate standards of conduct, the law of the place of the tort usually applies. See, Cooney vs. Osgood Machines, 81 N.Y2d 66, 72 (1993); Shultz vs. Boy Scouts of America, supra at 198. Therefore, in this case, the "rules of the road" of New Jersey will apply, since the accident occurred in New Jersey.

On the other hand, where the conflicting laws are loss allocating, a court will apply one of the three rules set forth in Neumeier vs. Kuehner, 31 N.Y. 2d 121, 128. Loss allocating laws are those that "prohibit, assign, or limit liability after the tort occurs". Padula vs. Lilarn Props Corp., supra, at 522. In Neumeier, the Court set forth three rules for determining if Ontario's guest statute would apply against a New York defendant. Those rules have since been applied to other tort actions involving conflicting loss allocation laws. See Shultz vs. Boy Scouts of America, supra at 199.

The first Neumeier rule applies when the parties share a common domicile. In that situation, the law of the common domicile controls. See, Cooney vs. Osgood Machines, supra at 73. In the case at bar this standard does not apply because the parties do not share a common domicile, as the plaintiff's domicile is New York, Defendant Bawuah's domicile is Connecticut and corporate defendant Cowan Equipment Leasing Co. is domiciled in Maryland.

The second Neumeier rule applies when the parties are domiciled in different states, the place of the tort is in the state in which a party is domiciled, and "the local law favors the respective domiciliary". Cooney vs. Osgood Machines, supra at 73. The second rule essentially adopts a "place of injury" test. Cooney vs. Osgood Machines, supra at 73.

The third <u>Neumeier</u> rule applies in other situations when the parties are domiciled in different states with conflicting local laws. In that case, the law of the place of the tort usually applies, unless "it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants". <u>Neumeier vs. Kuehner</u>, <u>supra</u> at 128, <u>Tooker vs. Lopez</u>, 24 N.Y. 2d 569, 585. Where the interest of each jurisdiction and enforcing its laws is "roughly equal, the situs of the tort is appropriate as a "tie breaker" because that is the only jurisdiction with which the parties have purposely associated in a significant way". See, <u>Cooney vs. Osgood Machines</u>, <u>supra</u> at 74.

In this case, Lee is a New York resident who was operating a vehicle reportedly registered and insured in New York. Bawuah is a resident of Connecticut and Cowan is incorporated in Maryland and has its principle place of business in Maryland, with locations in nearly a dozen different states, including New Jersey. Therefore, the third <u>Neumeir</u> rule governs the choice of law analysis in this matter.

It is respectfully argued that The Southern District of New York should apply New Jersey substantive law as to both the "rules of the road" and "loss allocation" because New Jersey has an interest in the conduct resulting in accidents that occur within its borders. The U.S. Second Circuit Court of Appeals has held that jurisdictions have little interest in enforcing its laws with respect to loss allocation for an accident involving out of state residents where the location of the loss is fortuitous, <u>Gilbert v. Seton Hall University</u>, 332 F.3d 105, 111 (2d Cir. 2003) in such cases " . . . the jurisdiction in which the injury occurs has at best a minimal interest in determining the right of recovery or the

5

extent of the remedy." Gilbert v. Seton Hall University, 332 F.3d 105, 110 (2d Cir. 2003). However, in the case at bar, the location of the loss was not fortuitous because Cowan maintained a business location in New Jersey and therefore did substantial business in New Jersey. Moreover, during the time of the accident, Bawuah's typical route was to from Connecticut to Monroe Township, NJ where he would pick up a load and deliver it to various locations in Connecticut and Massachusetts. In fact, on the date of the accident, Bawuah was performing one such typical tractor trailer run from Monroe, NJ to a site in Massachusetts, in the course and scope of his employment, with Cowan. Additionally, at the time of the accident, Lee was in the process of commuting home from her job as a Sales Associate for H&M in the Palisades Mall in New Jersey. As she had held the full-time job for eight months prior to the accident, she regularly commuted back and forth to New Jersey.

Moreover, not only were both vehicle operators operating their vehicles in New Jersey and availing themselves to New Jersey's laws, the location of the collision is the sum of the interactions between the parties, which distinguishable from the situation in Shultz where the choice of law analysis led the court to elect the laws of plaintiff's state of domicile, NJ, where the majority of the ongoing interactions between the parties who were involved in Rugby activities at Seton Hall NJ, where the plaintiff was a student, and not the situs of the actual tort which occurred at a rugby match that fortuitously occurred in NY. Shultz vs. Boy Scouts of America, supra at 201-202. By contrast, in the case at hand, the sole interaction between the parties was the situs of the accident in New Jersey, which occurred during their mutual daily business interactions in New Jersey.

Cowan's maintenance of a facility in New Jersey, Bawuah's regular operation of Cowan's tractor trailers on the roads of New Jersey and Lee's daily commute to and from New Jersey renders the situs of the accident in New Jersey and the fact that the accident represents the sole interaction between the parties renders the situs of the accident New Jersey, not a fortuitous event. Therefore, New Jersey, the situs of the tort, is the appropriate "tie breaker" in this choice of law analysis because it is the only jurisdiction with which the parties have purposely associated in a significant way". See, Cooney vs. Osgood Machines, supra at 74. Also, Because Lee was operating her vehicle in New Jersey on a regular basis, she cannot claim that she was not purposefully availing herself to the benefits of the laws and protections conferred upon her by the state of New Jersey and could reasonably expect to be subjected to New Jersey's laws for an accident occurring in New Jersey during her daily commute to and from her workplace situated that state.

### III.  CONCLUSION

WHEREFORE, the Defendants, Richard K. Bawuah and Cowan Equipment Leasing, respectfully request that the Court issue an order granting the Defendants' Motion in Limine Applying New Jersey Substantive Law and to Instruct the Jury on New Jersey's Modified Comparative Fault Standard, as codified by N.J.S.A. 2A:15-5.1, at trial.

                                         RAWLE & HENDERSON LLP

                                         By: _____
                                             Jeffrey A. Segal
                                             Attorneys for Defendants,
                                             Richard K. Bawuah and Cowen
                                             Equipment Leasing
                                             140 Broadway, Suite 4636
                                             New York, New York 10005
                                             (212) 858-7570
                                             File No.: 801840

Dated:  July 10, 2008