File No. 801840

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

DIONNE LEE

               Plaintiff

RICHARD K. BAWUAH and                     Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

               Defendants

-------------------------------------------------------------X

**LEGAL BRIEF IN SUPPORT OF DEFENDANTS RICHARD K. BAWUAH AND**
**COWAN EQUIPMENT LEASING'S MOTION IN LIMINE TO PRECLUDE THE**
**TESTIMONY OF MITCHELL ZEREN , M.D. OR IN THE ALTERNATIVE TO LIMIT**
**THE SCOPE OF DR. ZEREN'S TESTIMONY**

On the Brief:
Jeffrey A. Segal
Marcus P. Ferreira

2474346-1

## **TABLE OF CONTENTS**

I.   FACTS...........................................................................................................................1

II.  LEGAL ARGUMENT ...................................................................................................2

III. CONCLUSION ...............................................................................................................6

# TABLE OF AUTHORITIES

<u>Cases</u>

<u>Perkins v. Origin Medsystems Inc.</u>, 299 F. Supp. 2d 45, 52 (D. Conn. 2004)...........4

<u>Koppell v. New York State Board of Elections</u>, 97 F. Supp. 2d 477, 479
(S. D. N.Y>, 2000).............................................................................4

<u>Amorgianos v. AMTRAK</u>, 303 F.3d 256, 264 (2d Cir. 2002)...........................4

<u>Campbell v. Metro. Prop. & Cas. Ins. Co.</u>, 239 F.3d 179, 184 (2d Cir. 2001).........4

<u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 at 591 (1993)................4

<u>Tufariello v. Long Island R. Co.</u>, 458 F.3d 80 (2nd Cir. 2006)...........................5

<u>Simpson v. Northeast Ill. Reg'l Commuter R.R. Corp.</u>, 957 F. Supp. 136, 138
(N.D. Ill. 1997)................................................................................5

<u>Ruggiero v. Warner-Lambert Co.</u>, 424 F.3d 249, 254 (2nd Cir. 2005)..................5


**Rules**

Fed. Jud. Proc. R. 26(a)(2)(B)......................................................1,2,3

Fed. R. Civ. Proc. 37( c)(1)..............................................................3

Fed. R. Evid. 702.........................................................................4

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

DIONNE LEE

       Plaintiff

RICHARD K. BAWUAH and             Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

       Defendants
---------------------------------------------------------------X

## I.   **FACTS:**

This action arises out of a motor vehicle accident that occurred on the eastbound, Upper Level of the George Washington Bridge at approximately 12:40 a.m. on Monday, May 9, 2007.

The nature and extent of plaintiff's alleged injuries is in dispute.

By letter dated April 14, 2008  plaintiff's counsel identified Dr. Mitchell Zeren, M.D as an expert, but did not identify Dr. Zeren's specialty.  Further, plaintiff's counsel provided Dr. Zeren's address and advised that he has been a treating physician since the onset of the injury and that Dr. Zeren would testify to Ms. Lee's injuries, her treatment, present condition and future prognoses.

Thereafter, by letter dated May 6, 2008, plaintiff's counsel again identified Dr. Mitchell Zeren, M.D  as an expert in this matter.

However, plaintiff's counsel has not furnished any other expert disclosures with respect to Dr. Zeren as mandated by Fed. Rule 26a(2)(B)i-vi.

Further, Dr. Zeren  has not issued a comprehensive narrative expert report. Instead, he has only issued an initial evaluation report and updated reports leading up to plaintiff's October 2007 cervical surgery.

A review of Dr. Zeren's reports reveal that none of his opinions were rendered within a reasonable degree of medical probability.

Moreover, because there is no record of Dr. Zeren evaluating Lee after the October 31, 2007 cervical surgery, Dr. Zeren should also be barred from proffering a prognosis or opinion as to whether or not Lee's condition(s) are permanent in the aftermath of the cervical surgery.

Lastly, at the June 10, 2008 status conference before Your Honor, plaintiff's counsel represented to the Court that he did require any extensions of the discovery deadlines.  Therefore, the deadline for the exchange of expert reports has elapsed without plaintiff furnishing updated reports by Dr. Zeren providing a more definitive statement regarding causation or providing a definitive prognosis as to what Lee's post surgical condition(s) are whether or not any such conditions are permanent.

Therefore, defendants herein request an Order Excluding or limiting the testimony of plaintiff's medical expert, Mitchell Zeren , D.C.  or in the alternative limiting his testimony so that it does not address plaintiff's post surgical  condition, including whether or not any such conditions are permanent.

## II.    <u>LEGAL ARGUMENT</u>

Federal Judicial Procedure Rule 26(a)(2)(B), governing the issuance of written expert reports, states in pertinent part:

> Unless otherwise stipulated or ordered by the court, **this disclosure must be accompanied by a written report—**

> prepared and signed by the witness—if the witness is one retained or specifically employed to provide expert testimony . . . The report **must** contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) the data or other information considered by the witness in forming them; . . ." (emphasis added).

As outlined above, the time for the parties to exchange expert reports was June 15, 2008, which came and went without plaintiff requesting an extension or serving an expert report.

In addition, Federal Rule of Civil Procedure 26(a)(2)(B) subparts (i)-(vi) requires the following additional expert disclosures:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)    the data of other information considered by the witness in furnishing them;

(iii)   any exhibits that will be used to summarize or support them;

(iv)    the witness's qualifications including a list of all publications authored in the previous 10 years;

(v)     a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi)    a statement of the compensation to be paid for the study and testimony in the case.

Plaintiff has satisfied none of the above requirements with respect to Dr. Zeren and the production of Dr. Zeren as an expert should be denied based upon plaintiff's failure to abide by the requirements of 26(a)(2)(B) subparts (i)-(vi).

Moreover, Federal Rule of Civil Procedure 37(c)(1) states that if a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. Contrary to the above rule, in the instant matter, Dr. Zeren has failed to provide an analysis of whether or not plaintiff's condition pre-existed

the motor vehicle accident in whole or in part, and therefore did not provide any basis for his conclusion that "[t]o the best of my ability, I feel there is a causal relation between the accident and the current condition."   Moreover, Dr. Zeren has not evaluated Lee following the surgery and therefore is not qualified to proffer at trial any opinions as to whether or not plaintiff's post surgical condition is permanent.

Pursuant to Perkins v. Origin Medsystems Inc., 299 F. Supp. 2d 45, 52 (D. Conn. 2004) the proponent of expert testimony has the burden of demonstrating by a preponderance of the evidence,  that the testimony is competent, relevant, and reliable. (citing Koppell v. New York State Board of Elections, 97 F. Supp. 2d 477, 479 (S.D.N.Y. 2000)).

If the expert is deemed competent (otherwise referred to as "qualified"), the trial court must then determine, pursuant to its "gatekeeping" function, whether the proffered expert testimony is "relevant" and "reliable." See Advisory Committee Notes, 2000 Amendments, Fed. R. Evid. 702 (noting that trial judges have "the responsibility of acting as gatekeepers to exclude unreliable expert testimony").

Evidence is relevant if the testimony "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Amorgianos v. AMTRAK, 303 F.3d 256, 264 (2d Cir. 2002)  (citing Campbell v. Metro. Prop. & Cas. Ins. Co., 239 F.3d 179, 184 (2d Cir. 2001) (quoting Fed. R. Evid. 401)); Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 at 591 (1993).

"Expert testimony usually is necessary to establish a causal connection between an injury and its source unless the connection is a kind hat would be obvious to laymen,

such as a broken leg from being struck from an automobile." <u>Tufariello v. Long Island</u> <u>R. Co.</u>, 458 F.3d 80 (2nd Cir. 2006) (quoting <u>Simpson v. Northeast Ill. Reg'l Commuter</u> <u>R.R. Corp.</u>, 957 F. Supp. 136, 138 (N.D. Ill. 1997)). Furthermore, "[w]here an expert employs differential diagnosis to "'rule out' other potential causes" for the injury at issue, he must also "'rule in' the suspected cause, " and do so using scientifically valid methodology. <u>Ruggiero v. Warner-Lambert Co.</u>, 424 F. 3d 249, 254 (2nd Cir 2005).

In the instant matter, Dr. Zeren, as a proposed medical expert for the plaintiff must specify the injuries allegedly sustained by plaintiff and casually relate them to the accident. However, to date, he has failed to issue a narrative report which makes any assessment of causation within a reasonable degree of probability.

Instead, Dr. Zeren authored reports that offered no opinion on causation; thereby making Dr. Zeren unqualified to discuss causation at the time of trial.

Additionally, Dr. Zeren should not be allowed to testify regarding plaintiff's post-surgical permanency, because there is no evidence that Dr. Zeren evaluated the plaintiff following the surgery or issued any post-surgical reports.

## III.    <u>CONCLUSION</u>

WHEREFORE, the Defendants, Richard K. Bawuah and Cowan Equipment

Leasing, respectfully request that the Court issue an order granting the Defendants'

Motion *in Limine* excluding, or in the alternative, limiting the scope of the trial

testimony of Mitchell M. Zeren, D.C., as an expert for plaintiff.

RAWLE & HENDERSON LLP

By:_____
Jeffrey A. Segal
Attorneys for Defendants,
Werner Enterprises, Inc. and
Paul J. Morrison
140 Broadway, Suite 4636
New York, New York 10005
(212) 858-7570
File No.: 801575

Dated:   July 15 2008.

2454162-1                              6