File No. 801840

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
DIONNE LEE

        Plaintiff

RICHARD K. BAWUAH and                Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

        Defendants
------------------------------------------------------------------X

## LEGAL BRIEF IN SUPPORT OF DEFENDANTS RICHARD K. BAWUAH AND COWAN EQUIPMENT LEASING'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF ARIC HAUSKNECHT, M.D. AS PLAINTIFF'S MEDICAL EXPERT AT THE TIME OF TRIAL

On the Brief:
Jeffrey A. Segal
Marcus P. Ferreira

2474913-1

## TABLE OF CONTENTS

I. FACTS ............................................................................................................................. 1

II. LEGAL ARGUMENT ..................................................................................................... 2

III. CONCLUSION ................................................................................................................ 4

# TABLE OF AUTHORITIES

**Rules**

Fed. Jud. Proc. R. 26(a)(2)(A)..................................................................................2

Fed. Jud. Proc. R. 26(a)(2)(B)..............................................................................1,2,3

Fed. R. Civ. Proc. 37(c)(1)......................................................................................3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
DIONNE LEE

                Plaintiff

RICHARD K. BAWUAH and                 Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

                Defendants
---------------------------------------------------------------X

I.    **FACTS:**

This action arises out of a motor vehicle accident that occurred on the eastbound, Upper Level of the George Washington Bridge at approximately 12:40 a.m. on Monday, May 9, 2007.

The nature and extent of plaintiff's alleged injuries is disputed.

By letter dated April 14, 2008 plaintiff's counsel identified Dr. Mitchell Zeren, M.D as an expert in this matter. Thereafter, by letter dated May 6, 2008, plaintiff's counsel again identified Drs. Mitchell Zeren, Adren M. Kaisman and Ramesh Babu, as " . . . a complete list of expert witness[es]" Notably, Aric Hausknecht, M.D. was never identified as an expert witness.

Not only has Plaintiff's counsel failed to name Dr. Hausknecht as an expert witness, he has also failed to furnished any expert disclosures for Dr. Hausknecht as mandated by Fed. Rule 26a(2)(B)i-vi.

Lastly, at the June 10, 2008 status conference before Your Honor, plaintiff's counsel represented that he did not require any extensions of the discovery deadlines. Therefore, the deadline for the exchange of expert reports has elapsed. This motion is

2454162-1                 1

necessary, because counsel for plaintiff has attempted to add Dr. Hausknecht's name to the proposed Joint Pretrial Order as an expert.

Therefore, defendants herein request an Order Excluding any testimony of Aric Hausknecht, M.D. proffered as a medical expert on behalf of the plaintiff at trial.

## II.   LEGAL ARGUMENT

Federal Judicial Procedure Rule 26(a)(2)(A), governing the disclosure of expert testimony, requires that " . . . a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence, 702, 703 or 705." Here, the plaintiff has made no such disclosure within the June 15, 2008 deadline for doing so, with respect to Dr. Hausknecht. Therefore, Dr. Hausnecht should not be allowed to testify as a medical expert on plaintiff's behalf at the time of trial.

Furthermore, Federal Judicial Procedure Rule 26(a)(2)(B), governing the issuance of written expert reports, states in pertinent part:

> Unless otherwise stipulated or ordered by the court, **this disclosure must be accompanied by a written report**—prepared and signed by the witness—if the witness is one retained or specifically employed to provide expert testimony . . . The report **must** contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) the data or other information considered by the witness in forming them; . . ." (emphasis added).

As outlined above, the deadline to identify experts was June 15, 2008 and that date came and went without plaintiff requesting an extension or identifying Dr. Hausknecht as an expert.

Additionally, Federal Rule of Civil Procedure 26(a)(2)(B) subparts (i)-(vi) requires the following additional expert disclosures, as follows:

(i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)  the data of other information considered by the witness in furnishing them;
(iii) any exhibits that will be used to summarize or support them;
(iv)  the witness's qualifications including a list of all publications authored in the previous 10 years;
(v)   a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
(vi)  a statement of the compensation to be paid for the study and testimony in the case.

Plaintiff has satisfied none of the above requirements with respect to Dr. Hausknecht. Accordingly, Dr. Hausknecht should be precluded from testifying as an expert at trial.

Lastly, Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Here, plaintiff never identified Dr. Hausknecht as an expert prior to the deadline set by this Court, never provided information regarding Dr. Hausknecht in accordance with 26(a)(2)(B) subparts (i)-(vi) or served any reports by Dr. Hausknecht. Defendants will be substantially prejudiced if Dr. Hausknecht is allowed to testify without the benefit of having been appraised of the potential that Dr. Hausknecht would be called to testify and not having the benefit of materials received in accordance with 26(a)(2)(B) subparts (i)-(vi) or Dr. Hausnecht's report(s), for purposes of cross examination.

### III. CONCLUSION

WHEREFORE, the Defendants, Richard K. Bawuah and Cowan Equipment Leasing, respectfully request that the Court issue an order granting the Defendants' Motion *in Limine* excluding from trial any testimony of Aric M. Hausnecht, M.D. as an expert on behalf of the plaintiff.

                                                RAWLE & HENDERSON LLP

                                                By: _____
                                                    Jeffrey A. Segal
                                                    Attorneys for Defendants,
                                                    Werner Enterprises, Inc. and
                                                    Paul J. Morrison
                                                    140 Broadway, Suite 4636
                                                    New York, New York 10005
                                                    (212) 858-7570

Dated: July 15, 2008.                    File No.: 801575

2454162-1

4