USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/23/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

DIONNE LEE,                              :

             Plaintiff,               :        07 Civ. 9917 (AJP)

     -against-                         :        **ORDER**

RICHARD K. BAWUAH & COWAN EQUIPMENT,   :

             Defendants.              :

------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

Presently before the Court are several motions in limine by defendants. (Dkt. Nos. 19, 23, 27, 30, 34, 37.)

The Court rules as follows:

1. Defendants' motion in limine to preclude plaintiff's accident reconstruction expert Daniel Burdett is GRANTED. Plaintiff's expert report was served one month after the close of discovery (and the same day the Proposed Joint Pretrial Order was due). In addition to being late, the report did not fully comply with Federal Rule of Civil Procedure 26(a)(2)(B). Finally, and most importantly, Mr. Burdett's (alleged) expertise is not necessary to assist the jury to understand the evidence or determine a fact in issue. See Fed. R. Evid. 702.

C:\OPIN\

2

2. Defendants' Motions in Limine to Preclude Dr. Zeren, Dr. Babu and Dr. Hausknecht are DENIED. It is true that plaintiff merely supplied those doctors' reports to GEICO, and not a fully compliant expert report (and, apparently, nothing from Dr. Hausknecht). Nevertheless, the Advisory Committee Notes make clear that a "treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Advisory Committee Notes, 1993 Amendment, Rule 26(a)(2). (Of course, defense counsel can object to any testimony at trial that goes beyond the scope of the doctors' role as treating physician; the Court cannot rule in advance on any question by question issues, but will rule as necessary at trial.)

3. Defendants' Motion in Limine to Apply New Jersey Law is DENIED. Plaintiff is a New York resident and the accident occurred on the George Washington Bridge, heading into New York – in other words, fortuitously in New Jersey and just short of the New York side of the Bridge. In addition, defendants do not describe how, if at all, New Jersey law differs from New York law. Finally, the Court notes that in submitting the (original) Proposed Joint Pretrial Order and its Proposed Jury Instructions (which the Court rejected for other reasons), defendants specifically cited to New York's PJI for their proposed jury instructions, implicitly if not explicitly consenting to the Court charging the jury using New York law.

4. Defendants' Motion in Limine to Preclude Plaintiff's Wage Loss Claim is DENIED (again, as with the doctors, subject to objections on a question by question basis, which the Court will rule on at trial). Plaintiff is not required to have an economist or other expert to support a lost earnings claim. Plaintiff can testify as to what plaintiff was earning before the accident

3

and plaintiff and/or the treating doctors may be able to testify as to whether plaintiff can go back to work – all subject to cross-examination by the defense.[1]

## CONCLUSION

For the reasons set forth above, defendants' motion in limine to preclude Mr. Burdett is GRANTED and defendants' other motions in limine are DENIED. The Clerk shall mark all pending motions, including Dkt. Nos. 19, 23, 27, 30, 34 and 37 as resolved by this Order. Plaintiff's counsel is sanctioned, as set forth in the footnote.

SO ORDERED.

Dated:      New York, New York
            July 23, 2008

Andrew J. Peck
United States Magistrate Judge

Copies **by fax & ECF** to:   Winston B. Rouse, Esq.
                              Robert Osuna, Esq.
                              Jeffrey A. Segal, Esq.

---

[1] The Court notes that plaintiff's counsel missed two deadlines to submit an opposition to this motion. Rather than prejudice plaintiff by granting the defendants' motion on default, the Court instead denies the motion on the merits but sanctions plaintiff's counsel $1,000, payable to the Clerk of Court by July 25, 2008 (and the amount is <u>not</u> to be charged to the client). Plaintiff's counsel must submit a copy of the Clerk's receipt to my chambers by Monday, July 28, 2008.

C:\OPIN\