File No. 801840

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

DIONNE LEE

        Plaintiff

RICHARD K. BAWUAH and                   Civil Action No. 07-cv-9917
COWAN EQUIPMENT LEASING

        Defendants

-----------------------------------------------------------------X

**LEGAL BRIEF IN SUPPORT OF DEFENDANTS RICHARD K. BAWUAH AND COWAN EQUIPMENT LEASING'S S.D.N.Y. LOCAL CIVIL RULE 6.3 FOR RECONSIDERATION OF THE HONORABLE MAGISTRATE PECK'S JULY 23, 2008 ORDER**

On the Brief:
Jeffrey A. Segal

2491480-1

## TABLE OF CONTENTS

I.  FACTS ................................................................................................................. 1

II. LEGAL ARGUMENT ......................................................................................... 2

III. CONCLUSION .................................................................................................... 8

# TABLE OF AUTHORITIES

In re: Worldcom, Inc. Securities Litigation, 308 F.Supp.2d 214,224 (S.D.N.Y. 2004 .................................................................................................. 2, 5

Shultz v. Boy Scouts of America, 65 N.Y. 2d 189 (1985) (S.D.N.Y. 2004) ......................... 5

Design Strategy v. David, 469 F.3d 284, 295-296 (2d Cir. 2006) ......................... 7

Tufariello v. Long Island Rail Road Co., No 05-1945-cv (2nd Cir. 2006) ..................... 7

Simpson v. Northeast Il. Reg'l Commuter R.R. Corp., 957 F.Supp. 136, 138 (N.D. Ill. 1997) ...................................................................................................... 7

## Rules

Fed. Jud. Proc. R. 26(a)(2)(B) ......................................................................................... 3

Fed. R. Civ. Proc. 37 (c)(1) ......................................................................................... 3, 4

Fed. R. Civ. Proc. 26(A)(2)(B) subparts (i)-vi) ............................................................ 3, 4

S.D.N.Y. Local Civil Rule 6.1(b)(2) ................................................................................ 1

S.D.N.Y. Local Civil Rule 6.1(b)(3) ................................................................................ 1

S.D.N.Y. Local Civil Rule 6.3 ..................................................................................... 2,8

I. **FACTS:**

This action arises out of a motor vehicle accident that occurred on the eastbound, Upper Level of the George Washington Bridge at approximately 12:40 a.m. on Monday, May 9, 2007. Liability and the nature and extent of plaintiff's alleged injuries are disputed.

On July 8, 2008, Defendants filed a motion in *Limine* seeking to Preclude the testimony of Plaintiff's Liability Expert; on July 10, 2008 Defendants filed a motion in *Limine* seeking to apply New Jersey Case law; and on July 15 Defendants filed three(3) motions in *Limine* seeking to Preclude the Expert Testimony of Doctors Zeren, Hasuknecht and Babu.

On July 21, 2008, Your Honor issued an Order granting Plaintiff an extension of the Local S.D.N.Y. Civil Rule 6.1(b)(2) four day deadline to file opposition briefs to the end of business on July 22, 2008, despite the deadline for filing opposition briefs to the motions filed on or about July 8 and July 10, had long passed. Further, it is noted that counsel's request for an extension of the deadline was submitted to the court without a carbon copy to the undersigned. In fact, the undersigned, first received notice of the request upon receipt of the Court's order granting the extension via ECF.

Plaintiff then filed opposition papers on July 22, 2008. Therefore, the deadline for Defendants to file reply memoranda was July 23, 2008 pursuant to S.D.N.Y. Local Civil Rule 6.1(b)(3)

However, at 12:22 p.m. on July 23, 2008, before defendants had an opportunity to file reply papers in further support of the various motions in *limine*, Your Honor issued an Order deciding all of the motions in *limine*.

2454162-1                                    1

II.  **LEGAL ARGUMENT**

    A.    <u>The standard applicable to a Motion for Reconsideration</u>

    S.D.N.Y. Local Civil Rule 6.3 provides in pertinent part that " . . .within ten (10) days after the entry of the court's determination of the original motion . . .. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."

    "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." <u>In re Worldcom, Inc. Securities Litigation,</u> 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004).

    1.    <u>Motion in *limine* regarding Dr. Hausknecht</u>

    Defendants sought to preclude the expert testimony of Dr. Hausknecht, M.D. In opposition to the motion, counsel admitted several very important things:

    1) Dr. Hausknecht was never previously identified as an expert;

    2) no expert report had ever been prepared by Dr. Hausknecht; and

    3) no expert report had ever been served by Dr. Hausknecht.

In fact, as of the date of this filing, defendants have still not received an expert report prepared by Dr. Hausknecht.

    A review of Your Honor's Order reveals that you denied defendants' motions as to Drs. Zeren, Babu and Hausknecht as follows:

> It is true that plaintiff merely supplied those doctors' reports to GEICO and not a fully compliant expert report (and, apparently, nothing from Dr. Hausknecht), nevertheless, the Advisory Committee Notes make clear

> that a "treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Advisory Committee Notes, 1993 Amendment, Rule 26 (a)2. (Of course, defense counsel can object to any testimony at trial that goes beyond the scope of the doctors' role as treating physicians; the court cannot rule in advance on any question by question issues, but will rule as necessary at trial.)

Defendants respectfully argue that Your Honor improperly ruled on all three motions together, as it is clear the facts underlying the Hausknecht motion were different than this underlying the motions regarding Drs. Zeren and Babu. Specifically, unlike Dr. Babu or Dr. Zerenk, Dr. Hausnecht was neither named as an expert, nor were any reports prepared by Dr. Hausnecht and served prior to the court's deadline of June 15, 2008. It is further respectfully argued that as to the preclusion of Dr. Hausnecht testifying as an expert, Your Honor overlooked Federal Judicial Procedure Rule 26(a)(2)(B), Federal Rule of Civil Procedure 26(a)(2)(B) subparts (i)-(vi) and Federal Rule of Civil Procedure 37(c)(1)

Federal Judicial Procedure Rule 26(a)(2)(B) governing the issuance of written expert reports, states in pertinent part:

> Unless otherwise stipulated or ordered by the court, **this disclosure must be accompanied by a written report**— prepared and signed by the witness—if the witness is one retained or specifically employed to provide expert testimony . . . The report **must** contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) the data or other information considered by the witness in forming them; . . ." (emphasis added).

Additionally, Federal Rule of Civil Procedure 26(a)(2)(B) subparts (i)-(vi) requires the following additional expert disclosures, as follows:

(i)  a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)   the data of other information considered by the witness in furnishing them;
(iii)  any exhibits that will be used to summarize or support them;
(iv)   the witness's qualifications including a list of all publications authored in the previous 10 years;
(v)    a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
(vi)   a statement of the compensation to be paid for the study and testimony in the case.

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information to supply evidence on a motion, at a hearing, **or at trial**, unless the failure was substantially justified or is harmless." (emphasis added).

From a plain reading of the above rules, it is respectfully submitted that Plaintiff's failure to identify Dr. Hausknecht as an expert, serve an expert report or provide the requisite Rule 26(a) expert disclosures for Dr. Hausknecht mandates the exclusion of Dr. Hausknecht from testifying as an expert. Defendants believe that this motion should have treated similar to one as to plaintiff's liability expert, which was granted.

Defendants respectfully make this motion in advance of trial to preclude counsel from eliciting expert testimony from Dr. Hausknecht regarding causation, necessity of surgery and/or whether or not plaintiff's injuries are permanent, etc. Of course, defendants acknowledge that Dr. Hausknecht will be allowed to testify as a treating physician.

As it stands, the Court's Order leaves it to defense counsel to object to specific questions and/or testimony provided by Dr. Hausknecht at trial. This procedure unnecessarily leaves open the risk of jury confusion resulting from hearing the testimony, having it ruled impermissible and then mentally having to exclude said testimony based upon instruction from the court.

2. <u>Motion in *limine* regarding Applicability of NJ Law</u>

Defendants requested this Court apply New Jersey law at trial. However, Your Honor denied the motion stating that:

> Plaintiff is a New York resident and the accident occurred on the George Washington Bridge, heading into New York—in other words fortuitously in New Jersey and just short of the New York side of the Bridge. In addition Defendants do not describe how, if at all, New Jersey law differs from New York Law. Finally, the Court notes that in submitting the (original) Proposed Joint Pretrial Order and its Proposed Jury Instructions (which the Court rejected for other reasons), defendants specifically cited to New York's PJI for their proposed jury instructions, if implicitly if not explicitly consenting to the Court charging the jury using New York law.

It is respectfully argued that the Court overlooked controlling precedent that was presented to it on the underlying motion and that would have changed its decision. See <u>In re Worldcom, Inc. Securities Litigation</u>, supra, 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004).

First, it is respectfully argued that Your Honor misapplied the meaning of "fortuitous" as defined in <u>Shultz vs. Boy Scouts of America</u>, 65 N.Y.2d 189 (1985). In the case at bar, the location of the loss was not "fortuitous" as was the situation in <u>Shultz</u> where the choice of law analysis led the court to elect the laws of plaintiff's state of domicile NJ. <u>Shultz vs. Boy Scouts of America</u>, <u>supra</u> at 201-202. By contrast, in the case at hand, the complete culmination of the interactions between the parties was performed at the *situs* of the accident in New Jersey, which occurred during their mutual daily business interactions in New Jersey. Therefore, it is respectfully argued that Your Honor failed to properly distinguish between the case at bar and the facts of the <u>Shultz</u> case.

2454162-1

Second, defendants respectfully argue that Your Honor improperly contended that defendants did not explain how New Jersey substantive law differed from New York's, with respect to their respective comparative fault regime. As Your Honor is aware, New York's comparative fault regime was provided in the jury instructions and in the proposed verdict sheet (PJI 2:36 SV—I) that was submitted in the Joint Proposed Pretrial Order. Defendants then provided the citation for New Jersey's corresponding Comparative Fault Statute, N.J.S.A. 2A:15-5.1, and identified same as a "modified comparative fault statute." It is respectfully argued that by virtue of providing the citation of New Jersey's statute and by identifying same as a "modified" comparative fault statute, a term universally understood as barring claims where plaintiff is more than 50% responsible for his or her own injuries, defendants properly directed the court's attention to the difference between the two statutes.

Lastly, defendants respectfully argue that Your Honor's assertion that defendants' citation to New York's PJI for their proposed Jury Instructions implicitly, if not explicitly, demonstrated consent to the Court Charging the jury using New York Law was in error. A review of defendants' original motion papers reveals that defendants made the following request: "In the event that this motion is granted, counsel for Defendants will work with Plaintiff's counsel on preparing revised joint jury instructions and a revised verdict sheet incorporating New Jersey's Modified Comparative Fault Statue, N.J.S.A. 2A:15-5.1." Therefore, no such contention should have been applied.

3.   <u>Motion in *limine* to bar wage loss claim</u>

Defendants argued that plaintiff should be barred from introducing any evidence regarding her alleged wage loss claim at trial. Your Honor denied the motion as follows:

> Defendants' Motion in Limine to Preclude Plaintiff's Wage Loss Claim is DENIED (again, as with the doctors, subject to objections on a question by question basis, which the court will rule on at trial). Plaintiff is not required to have an economist or other expert to support a lost earnings claim. Plaintiff can testify as to what plaintiff was earning before the accident and plaintiff and/or the treating doctors may be able to testify as to whether plaintiff can go back to work – all subject to cross-examination by the defense.

Defendants respectfully argue that Your Honor mis-applied the law as to when expert testimony is necessary, and therefore, improperly denied defendants' motion.

Defendants argued in pertinent part that, "[s]ince plaintiff has failed to produce any support for the alleged wage loss claim, plaintiff should be precluded from introducing any support for this claim at trial. *See* F.R.C.P. 37(c)(1); *see also Design Strategy v. Davis*, 469 F.3d 284, 295-296 (2d Cir. 2006)."

"Expert testimony usually is necessary to establish a causal connection between an injury and its source unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile." Tufariello v. Long Island Rail Road Co,. No 05-1945-cv (2nd Cir. 2006) (*citing* Simpson v. Northeast Il. Reg'l Commuter R.R. Corp., 957 F. Supp. 136, 138 (N.D. Ill. 1997). Jurors, as lay people, are not able to formulate an educated opinion as to whether plaintiff is able or unable to work. To assist in the determination of what occupations plaintiff would or would not be able to work, the testimony of a vocational expert is necessary. Otherwise it would leave the jury's decision to speculation. Moreover, a vocational expert would clarify whether or not a shift to alternative occupations would result in lost wages.

Moreover, if a vocational expert concluded that the plaintiff could undertake employment in an alternative occupation, the testimony of an economist would then be

necessary to explain to a jury that any prospective award of lost earnings must be made in terms of the current valuation of the U.S. dollar, account for the likeliness of plaintiff having receiving raises and/or advancement in her former employment versus the likelihood of earning raises/advancement in alternative careers that were deemed suitable by a vocational expert. Clearly this is the type of testimony that clarifies issues <u>not</u> obvious to laymen. <u>Id.</u> At 138.

### III. <u>CONCLUSION</u>

Wherefore, it is respectfully requested that Your Honor Reconsider those portions of the Your Honor's July 23, 2008 Order, pursuant to S.D.N.Y. Local Civil Rule 6.3, and vacate the decisions rendered as to the Motions in limine precluding the expert testimony of Dr. Hauskencht; applying New Jersey Law and the precluding Plaintiff's wage loss claim.

RAWLE & HENDERSON LLP

By:_____
Jeffrey A. Segal
Attorneys for Defendants,
Richard K. Bawuah and Cowan
Equipment Leasing
140 Broadway, Suite 4636
New York, New York 10005
(212) 858-7570
File No.: 801840

Dated: July 31, 2008

2454162-1